WASHINGTON TOWNSHIP OF MORGAN COUNTY *v.* BREEDLOVE.

[No. 27,290. Filed May 29, 1940.]

*Hugh R. Couch,* of Martinsville, for appellant.

*Kivett & Kivett* and *Sedwick & Sedwick,* all of Martinsville, for appellees.

FANSLER, J.—After his election in 1930, and prior to taking office on January 3, 1931, the trustee of Washington Township made an arrangement with George B. Breedlove, a physician, to render medical services to the poor of the township from year to year for a fee of $400 per year. When the trustee took office, Dr. Breedlove was called upon to furnish services from time to time, and furnished services, to the poor of the township, for which he was paid the sum of $400 for the years 1931, 1932, and 1933, and $100 for the first quarter of 1934. He was called upon by the trustee to furnish services, and furnished services, to the poor for

the remainder of 1934, but was not paid. He began this action to recover for the balance due for services. Before the case was tried, Dr. Breedlove died and his executors were substituted. There was judgment for the plaintiffs.

The appellant's sole contention is that, before taking office, the trustee had no power to bind the township; that, since his arrangement or contract with the doctor was made before he entered upon the duties of his office, it is void; that a void contract cannot be ratified; and that the township cannot be made liable upon a quantum meruit theory. It is not contended that the services were not rendered, and that they were not worth the price charged. It is true that a trustee cannot bind the township to a contract before he begins the term of his office, but we know of no rule of law that prevents one who has been elected to office from arranging in advance for the proper functioning of the office to begin immediately upon his taking charge. Where personal services are involved it is, of course, necessary that arrangements shall be made in advance if the services are to begin immediately upon the opening of the term of office. These arrangements do not amount to a contract, but when the arrangement is adopted, and acted upon at the beginning of the term of office, a contract then arises.

We find no error.

Judgment affirmed.

NOTE.—Reported in 27 N. E. (2d) 346.